UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Application of Melanie Anne Chen Pursuant to Title 28, United Code Section, Section 1782 to Appoint a Commissioner to Obtain Evidence for Use in Civil Litigation Pending in London, England. | ECF Miscellaneous Case<br><br>Misc. Action No. 20-21 (RC) |

## MOTION FOR CLARIFICATION OF COURT ORDER

On 19 March 2020 Applicant, Melanie Anne Chen (hereinafter "Ms. Chen" or "Applicant"), pursuant to Title 28, United States Code, Section 1782 filed an *Ex Parte* Application asking this Honorable Court to issue an Order permitting Ms. Chen to collect evidence for use before a foreign tribunal in the United Kingdom. In particular, Ms. Chen seeks evidence to support her defense of a law suit filed by an Eastern European multi-billion dollar petroleum giant Claimant accusing her of tortious conduct and seeking to satisfy a $200 million arbitration award the Claimant obtained. Docket No. 1. On March 23, 2020 this Court entered an Order Ordering the Applicant to "serve all parties in the underlying U.K. action . . . [and] file proof of service with this Court." Docket No. 2.

The Applicant now seeks a clarification of the March 23 Court Order. Applicant suspects the Court had intended to ensure that Applicant provide "notice" of planned discovery to the only other party in the ongoing U.K. litigation, namely, Claimant KMG International NV ("KMG"), rather than to actually "serve" KMG via Rule 4 of the Federal Rules of Civil Procedure or some other procedure. KMG, although technically a Dutch company, is in real-world terms a company for which day-to-day operations, employees, offices and facilities are in

a variety of Eastern European countries, in particular, Romania. *See, generally,* Doc. No. 1, Application, pp. 1-7. Formal service upon a foreign entity in the Netherlands over which, at this time, the Court does not have *in personam* jurisdiction, and providing proof of same, will prove difficult, could be expensive and could be very, very time consuming. *See, generally,* Fed. R. Civ. P. 4(f), (k), (l) and (m). Although a "party"[1] may, in theory, waive service, the civil matter in the United Kingdom between Ms. Chen and KMG is contentious and this waiver is highly unlikely to occur. In addition, in the U.K. litigation Ms. Chen's U.K. counsel did try to obtain correspondence from persons at KMG relating to communications with McLarty Associates and Richard Burt, but KMG claimed such documents and records were not retained by KMG or its employees. It is anticipated that the U.S. persons from whom Ms. Chen's seeks evidence will have much more transparent and robust document retention procedures and capacity.

In addition, Applicant reminds the Court that she seeks to collect evidence located in the District of Columbia for the defense of an ongoing civil proceeding in the United Kingdom that is set to go to trial on 6 July 2020. While it is possible the current pandemic may affect court systems the world over and result in delays, on March 16, 2020, a High Court Judge in London, made it clear that justice must go on. In spite of the pandemic, the Court ruled that a high profile four-day civil trial in a case brought by a trio of Russian oligarchs against Christopher Steele, the former British spy who wrote the dossier on Donald Trump's alleged relationship with Russia during the 2016 election, must move forward as planned. Justice delayed is Justice denied. Although English and Wales court will not empanel new juries for the time being, trials of civil

---

[1] At this time, the only "party" that has submitted herself to the personal jurisdiction before this Court is the Applicant, Ms. Chen. This does not mean that others cannot appear in this matter and seek relief from orders issued by this Court. However, demanding service of process over a party to a foreign litigation and asking that party to submit to this Court's jurisdiction, absent a request for actual relief at law or in equity against such a party in this Court, should not be necessary.

claims in England and Wales are all bench trials – except for libel claims, which the underlying U.K. litigation is not. https://www.gov.uk/guidance/coronavirus-covid-19-courts-and-tribunals-planning-and-preparation; https://www.judiciary.uk/wp-content/uploads/2020/03/Civil-court-guidance-on-how-to-conduct-remote-hearings.pdf. Formal service of process will slow down collection of evidence in the U.S. and may seriously prejudice her defense against the allegations made against her in the United Kingdom.

Second, Applicant does not believe it is "service" of process that should be required, but rather that is "notice" that should be required and that giving "notice" at this time is premature. The Court in its Order noted "it was not convinced that this matter should proceed *ex parte*" and while Applicant does not insist she is entitled to demand *ex parte* consideration, Applicant did cite cases clearly supporting the use of *ex parte* Applications under 28 U.S.C. § 1782, see Docket No 1., Application at p. 16. In addition, the Applicant now wishes to draw the Court's attention to a relatively recent case, although not controlling, decided just across the Potomac River. *In Re Rivada Networks*, 230 F.Supp. 467 (E.D.Va. 2017). In that case, Judge Ellis expressly held that proceeding *ex parte* on Section 1782 applications is the norm as "[o]f course, Rivada's decision to file an *ex parte* § 1782 application was proper—indeed, that decision was unremarkable, as § 1782 applications are routinely filed *ex parte*." *Rivada,* at 473. In footnote 9, the Court, in addition to citing authority already provided to the Court, also cited *In re Application of Societe d'Etude de Realisation et d'Exploitation Pour le Traitement du Mais*, No. 13-MC-266, 2013 WL 6164435, at *2 n.1 (E.D. Pa. Nov. 22, 2013) collecting the relevant cases on the *ex parte* subject. *Rivada,* at 473, n. 9.

What is an even more relevant discussion in the *Rivada* case is the conclusion that Section 1782, through the operation of the Federal Rules of Civil Procedure, requires Applicants

to provide "notice" of subpoenas served pursuant to an Section 1782 application. *Rivada* at 473, 474. Notice of subpoenas, and not notice of the Section 1782 application, should be given to parties in the foreign matter for which the evidence is being collected, as well as anticipated parties to that litigation. *Id.* Applicant also would like to draw the Court's attention to the fact that the Proposed Order to the Section 1782 application currently before this Court, at page 3, Section (e) would Order that "[p]ursuant to 28 U.S.C. § 1782(a), 'any testimony or statement[s] shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure'." Docket No. 1, Proposed Order. Admittedly, the Proposed Order does not expressly say that Applicant must provide notice to KMG of all subpoenas issued, but Applicant suggests the Court clarify this Proposed Order in this way in granting Applicant's section 1782 request.

Finally, if the Court did intend to require the Applicant to formally "serve" KMG with a copy of the section 1782 application and bring it into the U.S. miscellaneous proceeding as a "party" this would undermine notions of comity, judicial economy and possibly result in conflicting judicial decisions. It would invite KMG to litigate issues of English law, e.g., privileges and admissibility issues, that an English Judge is better positioned to deal with than this Court. If the Court desires, Applicant could provide further legal briefing on such issues, as well as explaining how such privilege and admissibility matters would be handled in the U.K. litigation. *See, e.g., In Re Barnwell Enterprises,* 265 F. Supp. 3d 1, 11 (D.D.C. 2017) (Magistrate Judge Harvey refused "to become embroiled in exactly the kind of 'legal tug-of-war' that courts should avoid when adjudicating section 1782 applications.").

In conclusion, the Applicant seeks clarification of the Court's March 23, 2020 Order. Does the Court want formal service of the Application or does it simply desire that the U.K.

litigant KMG receive notice of each subpoena and be given the opportunity to appear at and participate in any production or deposition? The suggested course is for the Court examine the Application to see if it meets the gateway requirements of Section 1782, do so *ex parte*, issue an order appointing a commissioner, and order the commissioner to provide notice to KMG, in addition to serving the parties located in this jurisdiction who have been asked to provide evidence, of any subpoenas for evidence. A new Proposed Order is attached hereto.

Dated: 27 March 2020

Respectfully submitted,

**BAKER DE KLUIVER PLLC**

_____
Addy J. "Jack" de Kluiver
DC Bar #1046349
1101 New York Avenue NW, Suite 1000
Washington, D.C., 20005
jackdekluiver@bakerdekluiver.com
(202) 873-4008

*ATTORNEY FOR APPLICANT*