# EXHIBIT 1



Baker de Kluiver, PLLC
1101 New York Avenue NW
Suite 1000
Washington, DC 20005
Tel: +1 202-873-4008
www.bakerdekluiver.com

The Honorable Richard Reeves Burt
1532 31st Street NW
Washington DC 20007

June 1, 2020

**Reference: In Re Application of Melanie Anne Chen Pursuant to Title 28 United States Code Section 1782 filed in the Federal District Court for the District of Columbia, Misc. Action No. 20-MC-21 (RC).**

Dear Mr. Burt,

My law firm represents Melanie Anne Chen in the above captioned Miscellaneous Action pending in the United States District Court for the District of Columbia. On May 1, 2020 the undersigned was appointed Commissioner pursuant to 28 U.S.C. § 1782 by the Honorable Rudolph Contreras, United States District Judge, United States District Court for the District of Columbia. *See* attached Order. Pursuant to that authority also find enclosed a subpoena *duces tecum* for certain possible records held by yourself, as more fully described in Attachment A to the enclosed subpoena. The attached subpoena is pursuant to the Federal Rules of Civil Procedure 34(c) and 45 which permit us to issue a subpoena *duces tecum*. This subpeona is identical to the one we sent to McLarty Associates LLC on May 29. We are simply covering all bases.

The response is due on June 8, 2020 at 11:00 a.m. Due to the current COVID-19 situation, on May 13, 2020 the Court gave us leave to serve this subpoena by mail or Federal Express and by e-mail. Ordinarily, we would seek that such a production occur in person either at our DC offices or at your place of business. Instead, again due to the COVID-19 situation, on May 13, 2020 we alsoobtained leave of Court to complete production and depose the records custodian via electronic means pursuant to Federal Rules of Civil Procedure Rule 30(a)(4). We can arrange with your counsel the exact method of communication to complete the subpoena process.

Respectfully,

A.J. "Jack" de Kluiver,
Managing Partner,
jackdekluiver@bakerdekluiver.com

**Baker de Kluiver, PLLC**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF MELANIE ANNE CHEN PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 1782 | : : : : : : : | Misc. Action No.:   20-21 (RC)<br><br>Re Document No.: 1 |

### ORDER

### GRANTING APPLICANT'S APPLICATION FOR ORDER PURSUANT TO TITLE 28 UNITED STATES CODE SECTION 1782

This matter having come before this Court on Applicant Melanie Anne Chen's

Application to Appoint a Commissioner pursuant to Title 28, United States Code, Section

1782(a), which provides U.S. district courts with jurisdiction to appoint a commissioner to gather

evidence for use before a foreign tribunal; and,

**IT APPEARING TO THE COURT THAT**:

**WHEREAS**, through the information provided to this Court in the Applicant's

Memorandum in Support of the Application to Appoint a Commissioner pursuant to Title

28, United States Code, Section 1782 (a), Applicant has established that:

a. This Court has jurisdiction over the subject matter of this case;

b. Pursuant to 28 U.S.C. § 1782 (a), venue is appropriate in the United States District Court for the District of Columbia;

c. The discovery Applicant seeks is for "use" in a foreign proceeding within the meaning of 28 U.S.C. § 1782(a);

d. This Court is in the district where the parties from whom discovery is sought are "found" or located;

e. The Applicant is an "interested person" in the foreign proceeding within the meaning of 28 U.S.C. § 1782(a);

f. The Applicant is a party to a foreign litigation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, PURSUANT TO 28 U.S.C. § 1782(a), THAT:**

a. Addy J. "Jack" de Kluiver, of Baker de Kluiver PLLC, Washington, D.C., ("Commissioner") be, and hereby is, appointed a commissioner to obtain the discovery described below pursuant 28 U.S.C. § 1782(a) as authorized by this Court;

b. The Commissioner may, within this District, obtain the following discovery:

    1. Issue a subpoena to McLarty Associates seeking the documents, notes and communications identified in the Application and obtain a certification of those records by the appropriate employee or records custodian of McLarty Associates;

    2. Depose Richard Reeves Burt, a principal in McLarty Associates (subject to valid objection by Mr. Burt);

c. The Commissioner shall provide a copy of this Order to McLarty Associates and Richard Reeves Burt, as set forth above, when the Commissioner notices Mr. Burt's deposition or when the Commissioner serves the subpoena *duces tecum on* McLarty Associates pursuant to 28 U.S.C. § 1782(a);

2

d. The Commissioner, pursuant to 28 U.S.C. § 1782(a), is fully authorized "to administer any necessary oath and take the testimony or statement";

e. Pursuant to 28 U.S.C. § 1782(a), "any testimony or statement[s] shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."

**SO ORDERED**.

Dated: 5/1/2020

RUDOLPH CONTRERAS
United States District Judge

3

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | |
|---|---|
| In Re Application of Melanie Anne Chen Pursuant to Title 28, United States Code, Section 1782 | ) |
| *Appplicant* | ) |
| v. | )    ~~Civil Action No.~~  Misc. Action No. 20-21-23 (RC) |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Richard Reeves Burt

---
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Baker de Kluiver PLLC 1101 New York Avenue NW Suite 1000 Washington D.C. 20005 | Date and Time: 11:00 A.M., June 8, 2020 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  6/1/2020

CLERK OF COURT

                         OR

_____       _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Melanie Anne Chen
_____ , who issues or requests this subpoena, are:

Jack de Kluiver, 1101 New York Avw NW, Washington D.C., 2005, jackdekluiver@bakerdekluiver.com, 202-873-4008

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. Misc. Action No. 20-21 (RC)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:   Via Federal Express and e-mail in light of the current COVID-19 crisis.

on *(date)*   June 1, 2020            ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   6-1-20

_____
*Server's signature*

Addy "Jack" de Kluiver
_____
*Printed name and title*

1101 New York Avenue NW, Suite 1000, Washington, DC 20005
_____
*Server's address*

Additional information regarding attempted service, etc.:

Attorney for Applicant Melanie Anne Chen is serving this subpoena by regular mail and electronic mail due to current COVID-19 situation and Mayoral Orders in effect in the District of Columbia.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT "A"

### I. Definitions

1. The term "document" shall be interpreted in the broad and liberal sense, including but not limited to all items identified in Rule 26 (b)(3)(A) of the Federal Rules of Civil Procedure, and necessarily means, without limitation, written material, electronically transcribed material, electronically-stored information, and communications. By way of example, "document" includes, whether in final, draft, or summary form, memoranda, analyses, reports and summaries of investigations, agreements, books, ledgers, journals, bills, invoices, vouchers, checks, statements, electronic claims filings, instructions, guidelines, calendars, diaries, worksheets, spreadsheets, databases, software, diagrams, presentations, photographs, films or videos, telephone message records or logs, notes or minutes of meetings or of other communications, computer and network activity logs, and Web pages.

2. The term "communication" shall be interpreted in the broad and liberal sense to include any transmission or exchange of information between two or more persons orally, in writing, or electronically, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of writing, telephone, telegraph, telex, electronic (including e-mail, SMS text, and instant messaging), or other media, whether by chance or by design. By way of example, "communication" includes correspondence, letters and envelopes, recorded telephone conversations, voice messages, instant messages, free form text messages, and messages stored on computers, company servers, internet service provider servers, backup tapes, or handheld devices.

3. The term "employee" means any person, including, but not limited to, any independent contractor or agent, all past and present directors, officers, agents, representatives, accountants, advisors, and consultants who acted or purported to act on behalf of another, or who have performed any service for those entities or under their names, whether on a full-time, part-time, piece-work, commission, or other basis, and whether paid or unpaid.

4. The term "person" means natural persons and corporations, companies, partnerships, unincorporated business associations, and any other entity composed of natural persons.

5. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make each particular request inclusive rather than exclusive.

6. The terms "related to" and "concerning" means in whole or in part, directly or indirectly describing, constituting, evidencing, reflecting, analyzing, concerning, showing, referring to, connected with, relating to, responding to, commenting on, tending to prove or disprove, copying or supporting.

7. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form as well and vice versa.

8. All present tenses of verbs or verb forms shall be considered to include within their meaning the future and past tenses as well and vice versa.

## II. Document Requests

You are to produce all documents and communications for the period 1 May 2016 to 31 December 2016:

1. Related to McLarty Associates LLC's ("McLarty") or Richard Reeves Burt's ("Burt"), representation of KMG International NV ("KMG"), Rompetrol Group N.V. ("Rompetrol"), or Rompetrol subsidiary or any employees of KMG, Rompetrol or Rompetrol subsidiary against Melanie Anne Chen ("Chen"), Ana Patriciu ("Ana") or Maria Patriciu ("Maria");

2. Any communications between Burt or any McLarty employee with any KMG or Rompetrol employee, including, but not limited to, Azamat Zhangulov ("Zhangulov"), Gretchen King ("King") or any employees of Vantage Intelligence or documents evidencing same;

3. Any communications between Burt or any McLarty employee with Chen, Ana or Maria or documents evidencing same;

4. Electronic communications between Burt or any McLarty employee and Zhangulov, or between Burt or any McLarty employee and King, whether sent to or received from Burt's e-mail or other electronic communication accounts under his control, or under the control of any McLarty employee, including but not limited to messages to the following e-mail addresses: Azamat.Zhangulov@rompetrol.com, a.zhangulov@kmg.kz, gk@vantageintel.com, or to any personal e-mail addresses or other electronic communication accounts including mobile phone numbers belonging to or used by Zhangulov, King or any employee of KMG, Rompetrol or Vantage Intelligence;

5. Documents entitled or referring to KMG's "leverage points" either sent to Burt or any McLarty employee by King or Zhangulov, or sent by Burt or any McLarty employee to King or Zhangulov and copies of any documents entitled "Investigative Findings to Support Settlement" or any documents referring to the same; and

6. Documents entitled "Strategy" or "Strategy.PPT" either sent to Burt, or any McLarty employee, by King or Zhangulov or sent by Burt, por nay McLarty employee to King or Zhangulov.

2



Baker de Kluiver, PLLC
1101 New York Avenue NW
Suite 1000
Washington, DC 20005
Tel: +1 202-873-4008
www.bakerdekluiver.com

Mr. Nelson Cunningham,                                          June 1, 2020
CEO and Registered Agent for
McLarty Associates LLC
900 Seventeenth Street NW
Suite 800
Washington, DC 20006

**Reference: In Re Application of Melanie Anne Chen Pursuant to Title 28 United States Code Section 1782 filed in the Federal District Court for the District of Columbia, Misc. Action No. 20-MC-21 (RC).**

Dear Mr. Cunningham,

My law firm represents Melanie Anne Chen in the above captioned Miscellaneous Action pending in the United States District Court for the District of Columbia. On May 1, 2020 the undersigned was appointed Commissioner pursuant to 28 U.S.C. § 1782 by the Honorable Rudolph Contreras, United States District Judge, United States District Court for the District of Columbia. *See* attached Order. Pursuant to that authority also find enclosed a subpoena *duces tecum* for certain possible records held by McLarty Associates LLC, as more fully described in Attachment A to the enclosed subpoena. The attached subpoena is pursuant to the Federal Rules of Civil Procedure 30(b)(6), which requires McLarty to "designate one or more officers, directors, or managing agents, or designate other persons who can testify" on McLarty Associates' behalf. That Rule further provides that the person(s) so designated "must testify about information known or reasonably available to" McLarty Associates LLC.

We have been working with your counsel to obtain records without the need for formal process, but we have yet to obtain a completed response after more than two weeks of communciations. We also think it may benefit McLarty Associates reply to our records request if we further refine our demands in the attachment to the enclosed subpoena. The response is due on June 5, 2020 at 11:00 a.m. Due to the current COVID-19 situation, on May 13, 2020 the Court gave us leave to serve this subpoena by mail or Federal Express and by e-mail. Ordinarily, we would seek that such a production occur in person either at our DC offices or at your place of business. Instead, again due to the COVID-19 situation, on May 13, 2020 we alsoobtained leave of Court to complete production and depose the records custodian via electronic means pursuant to Federal Rules of Civil Procedure Rule 30(a)(4). We can arrange with your counsel the exact method of communication to complete the 30(b)(6) deposition.

Respectfully,

A.J. "Jack" de Kluiver,
Managing Partner,
jackdekluiver@bakerdekluiver.com

**Baker de Kluiver, PLLC**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF MELANIE ANNE CHEN PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 1782 | : : : : : : : | Misc. Action No.:    20-21 (RC)  Re Document No.: 1 |

## ORDER

### GRANTING APPLICANT'S APPLICATION FOR ORDER PURSUANT TO TITLE 28 UNITED STATES CODE SECTION 1782

This matter having come before this Court on Applicant Melanie Anne Chen's

Application to Appoint a Commissioner pursuant to Title 28, United States Code, Section

1782(a), which provides U.S. district courts with jurisdiction to appoint a commissioner to gather

evidence for use before a foreign tribunal; and,

**IT APPEARING TO THE COURT THAT**:

**WHEREAS**, through the information provided to this Court in the Applicant's

Memorandum in Support of the Application to Appoint a Commissioner pursuant to Title

28, United States Code, Section 1782 (a), Applicant has established that:

a. This Court has jurisdiction over the subject matter of this case;

b. Pursuant to 28 U.S.C. § 1782 (a), venue is appropriate in the United States District Court for the District of Columbia;

c. The discovery Applicant seeks is for "use" in a foreign proceeding within the meaning of 28 U.S.C. § 1782(a);

d.  This Court is in the district where the parties from whom discovery is sought are "found" or located;

e.  The Applicant is an "interested person" in the foreign proceeding within the meaning of 28 U.S.C. § 1782(a);

f.  The Applicant is a party to a foreign litigation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, PURSUANT TO 28 U.S.C. § 1782(a), THAT:**

a.  Addy J. "Jack" de Kluiver, of Baker de Kluiver PLLC, Washington, D.C., ("Commissioner") be, and hereby is, appointed a commissioner to obtain the discovery described below pursuant 28 U.S.C. § 1782(a) as authorized by this Court;

b.  The Commissioner may, within this District, obtain the following discovery:

  1.  Issue a subpoena to McLarty Associates seeking the documents, notes and communications identified in the Application and obtain a certification of those records by the appropriate employee or records custodian of McLarty Associates;

  2.  Depose Richard Reeves Burt, a principal in McLarty Associates (subject to valid objection by Mr. Burt);

c.  The Commissioner shall provide a copy of this Order to McLarty Associates and Richard Reeves Burt, as set forth above, when the Commissioner notices Mr. Burt's deposition or when the Commissioner serves the subpoena *duces tecum on* McLarty Associates pursuant to 28 U.S.C. § 1782(a);

d.  The Commissioner, pursuant to 28 U.S.C. § 1782(a), is fully authorized "to administer any necessary oath and take the testimony or statement";

e.  Pursuant to 28 U.S.C. § 1782(a), "any testimony or statement[s] shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."

**SO ORDERED.**

Dated: 5/1/2020

RUDOLPH CONTRERAS
United States District Judge

3

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In Re Application of Melanie Anne Chen Pursuant to Title 28, United States Code, Section 1782 | ) |
| *Appplicant* | ) |
| v. | ) ~~Civil Action No.~~  Misc. Action No. 20-21-23 (RC) |
| | ) |
| | ) |
| ~~Defendant~~ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   McLarty Associates LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Baker de Kluiver PLLC <br> 1101 New York Avenue NW Suite 1000 <br> Washington D.C. 20005 | Date and Time: <br><br> 11:00 A.M., June 8, 2020 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   6/1/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Melanie Anne Chen
_____ , who issues or requests this subpoena, are:

Jack de Kluiver, 1101 New York Avw NW, Washington D.C., 2005, jackdekluiver@bakerdekluiver.com, 202-873-4008

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. Misc. Action No. 20-21 (RC)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                       .

☑ I served the subpoena by delivering a copy to the named person as follows:    Via Federal Express and e-mail
in light of the current COVID-19 crisis.

on *(date)*   June 1, 2020                ; or

❑ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                       .

My fees are $                   for travel and $                   for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date:   6-1-20

*Server's signature*

Addy "Jack" de Kluiver

*Printed name and title*

1101 New York Avenue NW, Suite 1000, Washington, DC 20005

*Server's address*

Additional information regarding attempted service, etc.:

Attorney for Applicant Melanie Anne Chen is serving this subpoena by regular mail and electronic mail due to current
COVID-19 situation and Mayoral Orders in effect in the District of Columbia.

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT "A"**

## I. Definitions

1. The term "document" shall be interpreted in the broad and liberal sense, including but not limited to all items identified in Rule 26 (b)(3)(A) of the Federal Rules of Civil Procedure, and necessarily means, without limitation, written material, electronically transcribed material, electronically-stored information, and communications. By way of example, "document" includes, whether in final, draft, or summary form, memoranda, analyses, reports and summaries of investigations, agreements, books, ledgers, journals, bills, invoices, vouchers, checks, statements, electronic claims filings, instructions, guidelines, calendars, diaries, worksheets, spreadsheets, databases, software, diagrams, presentations, photographs, films or videos, telephone message records or logs, notes or minutes of meetings or of other communications, computer and network activity logs, and Web pages.

2. The term "communication" shall be interpreted in the broad and liberal sense to include any transmission or exchange of information between two or more persons orally, in writing, or electronically, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of writing, telephone, telegraph, telex, electronic (including e-mail, SMS text, and instant messaging), or other media, whether by chance or by design. By way of example, "communication" includes correspondence, letters and envelopes, recorded telephone conversations, voice messages, instant messages, free form text messages, and messages stored on computers, company servers, internet service provider servers, backup tapes, or handheld devices.

3. The term "employee" means any person, including, but not limited to, any independent contractor or agent, all past and present directors, officers, agents, representatives, accountants, advisors, and consultants who acted or purported to act on behalf of another, or who have performed any service for those entities or under their names, whether on a full-time, part-time, piece-work, commission, or other basis, and whether paid or unpaid.

4. The term "person" means natural persons and corporations, companies, partnerships, unincorporated business associations, and any other entity composed of natural persons.

5. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make each particular request inclusive rather than exclusive.

6. The terms "related to" and "concerning" means in whole or in part, directly or indirectly describing, constituting, evidencing, reflecting, analyzing, concerning, showing, referring to, connected with, relating to, responding to, commenting on, tending to prove or disprove, copying or supporting.

7. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form as well and vice versa.

1

8. All present tenses of verbs or verb forms shall be considered to include within their meaning the future and past tenses as well and vice versa.

## II. Document Requests

You are to produce all documents and communications for the period 1 May 2016 to 31 December 2016:

1. Related to McLarty Associates LLC's ("McLarty") or Richard Reeves Burt's ("Burt"), representation of KMG International NV ("KMG"), Rompetrol Group N.V. ("Rompetrol"), or Rompetrol subsidiary or any employees of KMG, Rompetrol or Rompetrol subsidiary against Melanie Anne Chen ("Chen"), Ana Patriciu ("Ana") or Maria Patriciu ("Maria");

2. Any communications between Burt or any McLarty employee with any KMG or Rompetrol employee, including, but not limited to, Azamat Zhangulov ("Zhangulov"), Gretchen King ("King") or any employees of Vantage Intelligence or documents evidencing same;

3. Any communications between Burt or any McLarty employee with Chen, Ana or Maria or documents evidencing same;

4. Electronic communications between Burt or any McLarty employee and Zhangulov, or between Burt or any McLarty employee and King, whether sent to or received from Burt's e-mail or other electronic communication accounts under his control, or under the control of any McLarty employee, including but not limited to messages to the following e-mail addresses: Azamat.Zhangulov@rompetrol.com, a.zhangulov@kmg.kz, gk@vantageintel.com, or to any personal e-mail addresses or other electronic communication accounts including mobile phone numbers belonging to or used by Zhangulov, King or any employee of KMG, Rompetrol or Vantage Intelligence;

5. Documents entitled or referring to KMG's "leverage points" either sent to Burt or any McLarty employee by King or Zhangulov, or sent by Burt or any McLarty employee to King or Zhangulov and copies of any documents entitled "Investigative Findings to Support Settlement" or any documents referring to the same; and

6. Documents entitled "Strategy" or "Strategy.PPT" either sent to Burt, or any McLarty employee, by King or Zhangulov or sent by Burt, por nay McLarty employee to King or Zhangulov.