**EXHIBIT 3**

Wednesday, June 10, 2020 at 00:22:59 Eastern Daylight Time

**Subject:** Re: [Caution: External Mail] Chen Subpoenas
**Date:** Monday, June 8, 2020 at 5:28:04 PM Eastern Daylight Time
**From:** Jack de Kluiver
**To:** Leslie Kiernan
**Attachments:** 270_F.Supp.3d_96.pdf

Leslie,

Thank you for your correspondence of June 8, 2020 in response to subpoenas we served on McLarty Associates LLC and Richard Burt, as well as the documents responsive thereto. Your letter warrants a short reply.

First, it is our position that the referenced NDA, a copy of which was produced, cannot shelter any documents Mr. Burt possesses from discovery. *See, e.g.,* attached case. Moreover, you have not identified the three withheld documents, or their attachments, which have not been produced.  Please identify the documents and attachments that were withheld. In addition, the NDA should not cover the deletions in any e-mails back and forth or deletions from the itineraries. We fail to see how those details could possibly be construed as proprietary information. The topics of meetings, who attended, and other details that have been excised should be disclosed to us.

As Burt uses McLarty's e-mail system then we should be able to get the relevant e-mails from McLarty. As the letter admits, when Mr. Burt does business as Burt & Associates he uses McLarty's offices (he even uses their mailing address) and he uses his McLarty work e-mail to communicate with his clients. We fail to see how these e-mails are not documents kept in the ordinary course of McLarty's business. The businesses are too intertwined, especially when it comes to the e-mails. Can, for example, Mr. Burt even access this e-mail system independently—other than printing out copies of same form a device? Does he have administration rights over the e-mail system?

Were any e-mails between King and Burt not produced based upon the broader undue burden and expense objection you raise under Rule 45(d)(2)(B) on McLarty's behalf?  McLarty has already searched its records and should have complained earlier, but it did not until after we issued a formal subpoena. How providing more information re Burt's communications with King via e-mail would add more expense or burden is unclear. Please explain. Maybe you provided the copies that were available to McLarty.  If so, please confirm.

Please provide satisfactory responses to this e-mail by COB tomorrow.  We would like to avoid the expense of filing a motion to compel. Thanks.

Jack de Kluiver

https://www.bakerdekluiver.com

PLEASE NOTE: This e-mail, including all attachments, may constitute property of Baker de Kluiver PLLC, and property that is intended only for the use of the individual or entity to which it is addressed. It also may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this e-mail transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this e-mail or its contents is strictly prohibited. If you have received this e-mail in error, please notify the sender by responding to the e-mail and then delete the e-mail