# EXHIBIT 4

**Subject:** Re: [Caution: External Mail] Chen Subpoenas
**Date:** Tuesday, June 9, 2020 at 5:18:53 PM Eastern Daylight Time
**From:** Leslie Kiernan
**To:** Jack de Kluiver
**CC:** Paul Rauser

Jack,

I believe you have misconstrued the information in my letter of June 8, 2020.

1. My letter does not say that redactions were made pursuant to the NDA. No such redactions were made. Your suggestion that details in the produced itineraries were responsive and improperly redacted is incorrect. The material redacted from the itineraries relates to Ambassador Burt's other clients and business, not this matter, and therefore was properly redacted before production because it is outside the scope of the subpoena. The only information that was redacted on the grounds that it was proprietary was the information I described in my June 8 letter – information related to Ambassador Burt's fee structure. No redactions have been made of information related to attendees or other details of meetings on the ground that such information is proprietary.

2. I disagree that the NDA does not provide a basis for objecting to producing the documents withheld pursuant to it. The DDC case you cited is inapposite because it relates to disputed discovery between parties and a previous court order related to the scope of discovery between those parties. Ambassador Burt is not a party to the litigation here. He has signed a non-disclosure agreement that requires that he keep certain information confidential. He has been directed to do so by the party to whom he is contractually obligated. He is not required to incur the risk of suit from another party stemming from disclosing confidential communications. Your client's issue is with the originator of those documents, not with Ambassador Burt. The three documents withheld are (1) Work product background memorandum regarding Bucharest Court of Appeal decision; (2) email correspondence from G. King to R. Burt enclosing litigation filings; and (3) work product background memorandum regarding M. Chen.

3. As I have explained on several prior occasions, extensive searches have been conducted for potentially responsive emails and other documents. With respect to the email: we looked through the McLarty servers (twice) for emails and found none. We found two contact cards—which we have produced. We also found two emails on Ambassador Burt's secretary's local drive, which we have produced with appropriate redaction. (See my letter and paragraph 1, above.) A photocopy of one other email with an attachment was found in a physical file. This email has been withheld because of the NDA. (See paragraph 2, above.)

4. The fact that Ambassador Burt may use his McLarty email address does not transform the documents into McLarty business documents. It is clear from the documents themselves that they relate to Burt & Associates work. Some are on Burt & Associates letterhead, Ambassador Burt's signature line identifies Burt & Associates on others. The bills and related financial documents refer to Burt & Associates. The NDA is signed by Ambassador Burt.

    I explained this situation to you in the letter and provided you with Ambassador Burt's affidavit attesting to these facts in an effort to set the record straight. These are the facts. Your implication

that they are somehow a smokescreen to hide documents is false. I told you when we first spoke that a search for documents would be undertaken. That search was undertaken before you issued the subpoenas. I told you the results of the searches of the email server. I told you we had undertaken additional searches for potentially responsive documents and that as soon as that work was completed, I would notify you. Rather than accept my word, you unnecessarily issued the subpoenas. The fact is that only a few documents have been located. McLarty Associates—an entity that has absolutely nothing to do with this matter -- has searched its files and computers and provided any potentially responsive documents to Ambassador Burt. Although these are Burt & Associates documents and you didn't subpoena Burt & Associates, Ambassador Burt directed that the responsive documents not subject to the NDA be produced. All but three of the documents (with attachments) that have been identified through all of the searches for all relevant documents have been properly redacted and produced. You were advised in my June 8 letter that three documents were withheld from production because of the NDA. There is no "hidden trove" of emails or anything else. Nonparties Ambassador Burt and McLarty Associates have more than fulfilled all of their obligations under Rule 45.

I have copied Paul Rauser, counsel to the other party to the NDA, on this email. Any issue related to the NDA should be raised with him.

Leslie B. Kiernan
Partner
Kiernan PLLC
1717 K Street, NW
Suite 900
Washington, DC 20006
202-787-5695
lkiernan@kiernanfirm.com

This e-mail is from the Kiernan PLLC, and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Kiernan PLLC, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Kiernan PLLC in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Kiernan PLLC, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

**From:** Jack de Kluiver <JackdeKluiver@bakerdekluiver.com>
**Date:** Monday, June 8, 2020 at 5:28 PM
**To:** Leslie Kiernan <lkiernan@kiernanfirm.com>
**Subject:** Re: [Caution: External Mail] Chen Subpoenas

Leslie,