**EXHIBIT 5**

| | |
|---|---|
| **Subject:** | Re: [Caution: External Mail] Chen Subpoenas |
| **Date:** | Wednesday, June 10, 2020 at 7:37:51 PM Eastern Daylight Time |
| **From:** | Jack de Kluiver <JackdeKluiver@bakerdekluiver.com> |
| **To:** | Leslie Kiernan <lkiernan@kiernanfirm.com> |
| **CC:** | Paul Rauser <prauser@aegislawgroup.com> |
| **BCC:** | David Butler <DButler@foxwilliams.com>, Rebecca Richardson <RRichardson@foxwilliams.com> |
| **Attachments:** | 2016 07 08 - Email exchange between Gretchen King and Rick Burt (Europe in July).PDF, 2016 07 26 - Email exchange between Gretchen King and Rick Burt (meeting in August).PDF, 2016 08 02 - Emails from Rick Burt to Gretchen King (chasers).PDF, 2016 08 11 - Email exchange between Rick Burt and Gretchen King (expense report - unredacted).PDF, 2016 08 25 - Email exchange between Rick Burt and Gretchen King (expense report - unredacted).PDF, 2016 08 30 - Email exchange between Rick Burt and Gretchen King (call).PDF, 2016 11 02 - Email from Gretchen King to Rick Burt and others (re memos).PDF, 2016 11 02 - Email from Rick Burt to Gretchen King (Astana).PDF, 2016 11 10 - Email exchange between Gretchen King and Rick Burt (re London meeting).PDF, 2016 11 20 - Email from Gretchen King to Rick Burt (leverage points).PDF, 2016 11 30 - Email exchange between Gretchen King and Rick Burt (Investigative Findings).PDF, 2016 12 02 - Email from Rick Burt to Gretchen King (interesting info).PDF, 2016 12 07 - Email from Gretchen King to Rick Burt (MC dialogue).PDF, 2016 12 11 - Email exchange between Gretchen King and Rick Burt (further call to discuss next steps).PDF, 2016 12 12 - Email from Gretchen King to Rick Burt (call with Azamat).PDF, 2016 12 15 - Email exchange between Gretchen King and Rick Burt (Luxembourg).PDF, 2016 12 19 - Email from Rick Burt to Gretchen King (Rick Burt generated - o_side of NDA).PDF, 2016 12 20 - Email from Rick Burt to Gretchen King (Lots of interesting stuff).PDF |

Leslie,

    I am sorry you feel we jumped the gun when we issued actual subpoenas to McLarty and Burt. We had been dealing with you informally for three weeks and were told there was virtually no responsive documents. Thus, because trial is rapidly approaching we thought it best to more particularly define what we were looking for, for example, we added Ms. King's e-mail address. We also needed a hard deadline as trial is approaching. You not have been foot-dragging, but we needed to push the production forward. Yes, you told us all what was being done to find e-mails, and we appreciated that, but the lack of responsive documents did not match-up with documents already obtained in the UK litigation from KMG. I attach 18 sample e-mails that we received from UK litigation team today. The UK legal team also notes that during the relevant time period there are about 50 e-mails that involve King and Burt. I do not imply that these were withheld on purpose, but clearly the searches done by McLarty's IT people are incomplete. So we issued two very detailed subpoenas hoping that it would help McLarty capture more e-mails. Clearly it did not.

    As for the redactions of meetings not relevant to our subpoena request, namely, between Burt and other clients, we would like to confirm the following:

    1. On page 3 of the production there is a meeting on December 13, 2016 in the Netherlands. KMG is a Dutch entity and has legal counsel there, namely, Marnix Leijten. Please confirm that the redacted meeting in the Netherlands is not related to the dispute between KMG/Rompetrol and Ms. Chen;

    2. On page 12 of the production, Mr. Burt is in Astana. However, any and all meetings in Astana, Kazakhstan are redacted. On an attached e-mail dated November 2, 2016 Burt informs King that he met with "Azamat" on November 2, 2016. Thus we question that redaction, but maybe you could explain that Burt was in Astana for another matter;

    3. On pages 13-14 of the production it appears that Mr. Burt was in Bucharest, Romania from November 5 through 7, 2016. All meetings have been redacted. Please confirm that none of those meetings involved persons related to KMG/Rompetrol.

    In your e-mail below you mention the three items are being withheld based upon the NDA between Burt and Vantage Intelligence dated August 8, 2016. You identify: (1) Work product background memorandum regarding Bucharest Court of Appeal decision; (2) email correspondence from G. King to R. Burt enclosing litigation filings; and (3) work product background memorandum regarding Ms. Chen. We are not sure why litigation filings are confidential, after all, they should be public documents.

    We need to get a better sense of what exactly these documents are and which e-mail(s) are you talking about. To assist we draw your attention certain e-mails attached hereto. Another e-mail dated November 2, 2016 (not the one regarding Astana and Azamat) to Burt and others King proposed that certain unidentified memos be provided to Burt. Also, please look at e-mails dated 20 and 30 November 2016 from King to Burt in which the latter received King's "leverage points" on November 20, and a document titled "Investigative Findings to Support Settlement", referred to in the body of the November 30 e-mail as "talking points." Are any or all of these e-mails part of the second item withheld from production? Are any of the documents referenced in those e-mails either item one or three that has not been provided based upon the NDA, and if so, which one or ones.

    Please respond by COB tomorrow. Thanks.

Jack de Kluiver

https://www.bakerdekluiver.com

PLEASE NOTE: This e-mail, including all attachments, may constitute property of Baker de Kluiver PLLC, and property that is intended only for the use of the individual or entity to which it is addressed. It also may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this e-mail transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this e-mail or its contents is strictly prohibited. If you have received this e-mail in error, please notify the sender by responding to the e-mail and then delete the e-mail immediately.

---

**From:** Leslie Kiernan <lkiernan@kiernanfirm.com>
**Date:** Tuesday, June 9, 2020 at 5:19 PM
**To:** Jack de Kluiver <JackdeKluiver@bakerdekluiver.com>
**Cc:** Paul Rauser <prauser@aegislawgroup.com>
**Subject:** Re: [Caution: External Mail] Chen Subpoenas

Jack,

I believe you have misconstrued the information in my letter of June 8, 2020.

1. My letter does not say that redactions were made pursuant to the NDA. No such redactions were made. Your suggestion that details in the produced itineraries were responsive and improperly redacted is incorrect. The material redacted from the itineraries relates to Ambassador Burt's other clients and business, not this matter, and therefore was properly redacted before production because