**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                          )
In re Application of Melanie Anne           )
Chen Pursuant to Title 28, United States  )          Misc. Action No. 20-21 (RC)
Code Section 1782                                   )
_____)

**OPPOSITION OF RICHARD R. BURT AND**
**McLARTY ASSOCIATES TO MOTION TO COMPEL**

Richard R. Burt and McLarty Associates were served with Rule 45 subpoenas to produce

specified documents for a seven-month period in 2016.  These documents, it has been contended,

may be relevant to a proceeding underway in the United Kingdom between KMG International

and Applicant Chen. The documents relate to services Mr. Burt performed for Vantage Intelligence

and KMG in 2016 through his firm Burt & Associates.  Neither Mr. Burt nor McLarty Associates

are parties to the UK proceeding.  In response to the subpoenas, all responsive documents have

been produced except for (a) three documents which Mr. Burt received from Vantage Intelligence

in 2016 pursuant to a nondisclosure agreement and for which Vantage Intelligence has advised it

believes the documents are subject to the NDA and claims protection from production under the

work-product doctrine; (b) redacted portions of documents, which redactions reflect information

not responsive to, and outside of the scope of, the 1782 application and the subpoenas; and (c)

redacted portions of documents, which redactions reflect proprietary material related to Mr. Burt's

fee structure.

Mr. Burt and McLarty Associates are not arguing whether the three documents subject to

the NDA are or are not protected from disclosure on the merits of the work-product doctrine. That

is a matter for Vantage Intelligence to address and Mr. Burt and McLarty Associates will comply

with the court's ruling. However, because of the existence of the nondisclosure agreement (which has been produced to Chen) and the claim of work-product privilege, it was appropriate under Rule 45 to object to the production.

Several of the documents with redactions comprise travel itineraries of Mr. Burt. Any entries which are responsive to the subpoenas have been produced. What has been redacted as beyond the scope of the subpoenas are entries regarding other clients and business matters of Mr. Burt. These redactions were explained to Chen in the June 8, 2020 letter accompanying the production and expressly confirmed by counsel for Mr. Burt and McLarty Associates as being not responsive and unrelated to the matter. (*See* ECF Nos. 10-2, 10-4, and 10-6). Under the scope of the 1782 application, the subpoenas and Rule 45, such matters should not be produced.

In arguing against the redactions to the itineraries, Chen speculates that the redacted information is potentially relevant because if Chen could examine what else Mr. Burt was doing on a given day as reflected in his itinerary, that information might shed light on the length of relevant meetings. This argument is flawed, particularly in the context of these itineraries. Indeed, only two of the redacted entries even follow a relevant meeting – most of the redactions are on entirely different dates that just happen to be part of a multi-day overseas trip. And even if the time of a subsequent meeting could somehow shed light on the length of a preceding one, the issue could be addressed by simply disclosing the time of the subsequent meeting rather than producing unredacted itineraries. Contrary to Local Rule 7(m), Chen's counsel has never asked that Mr. Burt provide the time of the subsequent meeting with respect to those two entries. The only question Chen's counsel raised regarding the itineraries before filing this motion was whether undersigned counsel would confirm that the redactions did not mistakenly include matters relevant to the UK

litigation – facts that have been confirmed before the motion was filed.  Chen simply has no legit-imate interest in discovery regarding Mr. Burt's other business overseas.

Chen offers no rationale whatsoever for the production of unredacted copies of other doc-uments (besides the itineraries) and has not sought pursuant to Local Rule 7(m) to confer regarding any such redactions.  As noted above and explained to Chen counsel on multiple occasions, the redactions represent matters outside the scope of the 1782 application and the subpoenas and mat-ters that are proprietary.  The objections were appropriate under Rule 45.

In the motion, Chen takes an unwarranted passing shot on the adequacy of the searches for email.  The searches, however, were thorough and complete.  Search terms for searches of McLarty servers were developed based upon Chen's Section 1782 application.  Searches of McLarty email servers utilizing those search terms were conducted between May 13 and May 21.  Those search terms were provided to counsel for Chen on May 21, 2020 along with additional information re-garding the status of ongoing efforts to locate any potentially relevant documents.  (*See* May 21, 2020 email re: Search Terms, attached hereto as Exhibit 1). At no time did Chen complain about those search terms or suggest in any way that they were inadequate.  Additional email server searches were conducted between May 22 and June 4 to ensure that no emails were inadvertently missed during the initial searches.  Searches were also conducted on the local computers of Mr. Burt and his assistant.  Any responsive emails located during the searches were timely produced on June 8, 2020.

The fact that Chen obtained emails in the UK litigation between Mr. Burt and Vantage Intelligence that were not located in the searches conducted by nonparties Mr. Burt and McLarty Associates says nothing about the reasonableness of the searches conducted by Mr. Burt and

McLarty Associates.[1]  Searches were conducted utilizing search terms derived from Chen's application to this Court and provided to Chen, and as to which Chen never objected.  Follow-up searches using additional search terms were conducted at various points in time to see if additional documents could be located.  Mr. Burt's assistant also physically went to McLarty Associates' office to search for potential documents.  This search was conducted on June 1, 2020, even though the office was closed due the COVID-19 pandemic, the ground level of the building was boarded up due to damage occasioned by protests, and the streets around the building were blocked off.  As noted, any responsive documents that were located were produced.  Nonparties Mr. Burt and McLarty Associates have more than met their obligations under Rule 45.

WHEREFORE, Mr. Burt and McLarty Associates request that the Court deny the motion to compel, subject to a determination by the Court about whether the three Vantage-supplied documents withheld pursuant to the NDA should be produced.

Respectfully submitted this 19th day of June 2020.

By:     /s/Leslie B. Kiernan
Leslie B. Kiernan (DC Bar No. 412000)
KIERNAN PLLC
1717 K Street, N.W.
Suite 900
Washington, DC  20006
(202) 202-787-5695
*Attorney for Richard R. Burt and McLarty Associates*

---

[1]     Had Chen wanted to facilitate the searches and fulfill her obligation under Rule 45 to take reasonable steps to avoid imposing undue burden and expense on Mr. Burt and McLarty Associates, she could have provided Mr. Burt and McLarty Associates with copies of the emails produced in the UK litigation long before June 10, 2020, which is the first time Mr. Burt and McLarty Associates knew of such email and that Chen was looking for attachments to particular emails.

4

# EXHIBIT 1

**From:** Leslie Kiernan <lkiernan@kiernanfirm.com>
**Date:** Thursday, May 21, 2020 at 1:39 PM
**To:** Jack de Kluiver <JackdeKluiver@bakerdekluiver.com>
**Subject:** Search Terms

Jack,

Following up on our telephone conversation, below are the search terms we developed from your application.

Search terms (for period of May 1, 2016 – Dec. 31, 2016):

- "KMG"
- "Rompetrol"
- "Azamat.zhangulov@rompetrol.com" or "A.zhangulov@kmg.kz"
- "Azamat Zhangulov" or "Zhangulov"
- Personal email addresses for Azamat Zhangulov (if any located)
- "Gretchen King"
- Email addresses for Gretchen King (if any located)
- "Melanie Chen" or "Melanie Ann Chen"
- Email addresses for Melanie Chen "mac242403@gmail.com" or "aa2016gama@gmail.com"
- "Patriciu" or "Ana Patriciu"
- "Maria Patriciu"
- "leverage points"
- "Investigative Findings to Support Settlement"
- "Strategy.PPT"

To date, the search of the email server using the search terms have yielded only contact cards for Ms. Chen and Mr. Zhangulov.  As you and I discussed, we are working with our IT folks to determine whether there are additional electronic searches that can be done.

Amb. Burt also reviewed his personal files and did not locate any notes or hard copy documents.

I will let you know as soon as I have further information regarding any additional electronic searches.

Regards,

Leslie


Leslie B. Kiernan

Partner
Kiernan PLLC
1717 K Street, NW
Suite 900
Washington, DC 20006
202-787-5695
lkiernan@kiernanfirm.com


This e-mail is from the Kiernan PLLC, and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Kiernan PLLC, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Kiernan PLLC in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Kiernan PLLC, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.